UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TAUZIER                                                     CIVIL ACTION

VERSUS                                                      NO: 10-1413

LEBLANC ET AL.                                              "J" (2)

**ORDER AND REASONS**

Before the Court are Petitioner Glen Tauzier's **Petition for Habeas Corpus (Rec. Doc. 1)** and Defendant James Leblanc's, Secretary of the Department of Public Safety and Corrections, **Response (Rec. Docs. 10 and 11)**.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

Petitioner Glen Tauzier was originally convicted on April 18, 1980 of three counts of attempted first degree murder, and he was sentenced to a fifty-year term of imprisonment for each count. Although the Louisiana Supreme Court affirmed the convictions and sentences on April 6, 1981, his original convictions and sentences were subsequently set aside. On October 2, 1990, Petitioner pled guilty to three counts of attempted first degree murder and was sentenced to a thirty-year term of imprisonment for each count.

Petitioner opted to receive double good-time credit pursuant to La. R.S. 15:571.14, which provided that all inmates released under the provisions of this section were released as if on parole in accordance with La. R.S. 15:571.5.

Petitioner seeks to attack this parole supervision requirement in this habeas petition.

## THE PARTIES' ARGUMENTS

Plaintiff claims that he is being held unlawfully because the Department of Public Safety and Corrections is improperly applying the law for parole supervision La. R.S. 15:571.14(5) retroactively. Under Plaintiff's view, La. R.S. 15:571.14(5) should not govern his case because the statute has an effective date of July 1, 1982, while his crimes were committed on September 6, 1979.

Defendant responds that Petitioner has already sought to set aside this parole requirement in an earlier habeas petition in the Middle District of Louisiana, <u>Glen Tauzier (#94033) v. Richard Stalder et al.</u>, 04-890. The Middle District dismissed the action as untimely, and Defendant argues that this action constitutes a successive petition and should be dismissed for the same reason. Under Defendant's view (and the Middle District's view), the Petition is untimely because Petitioner knew of the grounds for challenging his parole no later than 1997 when the First Circuit Court of Appeal denied his request for collateral review. <u>See</u> <u>Glen Tauzier v. Warden Burl Cain et al.</u>, 696 So.2d 650 (La. App. 1 Cir. 1997). The Middle District further found that by the time Tauzier filed a second administrative grievance in 2000, the time limit to file a habeas application in the

2

federal court had already lapsed.

Alternatively, Defendant avers that the Court should dismiss this action on the merits.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act created a strict prohibition of successive habeas petitions. Specifically, the statute provides, "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a).

Petitioner's Petition is successive because he presented his arguments to the Middle District, and his Petition was dismissed with prejudice as untimely on May 24, 2005. <u>Glen Tauzier (#94033) v. Richard Stalder et al.</u>, 04-890, Rec. Doc. 7. Accordingly, his Petition clearly falls within the statutory definition of a "successive" petition. <u>See</u> 28 U.S.C. § 2244(b)(1) (explaining that a claim is successive if it was presented in a prior application).

Furthermore, Petitioner's claim does not fall within either of the enumerated exceptions. Petitioner's Petition does not contain "newly discovered evidence" which would exonerate him;

3

nor does the Petition present "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

**IT IS ORDERED** that Petitioner Glen Tauzier's **Petition for Habeas Corpus (Rec. Doc. 1)** is **DISMISSED with prejudice** as successive.

New Orleans, Louisiana, this 21st day of March, 2011.

_____
**Carl J. Barbier**
**U.S. District Judge**